IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 3:22cv390 |
| ) | |
| JOHN MCCOLLUM, ) | |
| ) | |
| And ) | |
| ) | |
| S&F LOGISTICS, LLC ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF**

COMES NOW, the Plaintiff, Argonaut Insurance Company ("Argo"), by counsel, and states the following for its Complaint for Declaratory Judgment and Relief against the defendants, John McCollum ("Mr. McCollum") and S&F Logistics, LLC ("S&F"), (collectively the "Defendants"):

1. This is an action for declaratory judgment brought under Rule 57 of the Federal Rules of Civil Procedure and Title 28, Section 2201 of the Unites States Code, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Argo and the Defendants.

**PARTIES**

2. Plaintiff Argo is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in San Antonio, Texas. Argo is a citizen of Texas. Argo is not a citizen of Mr. McCollum's state of citizenship or S&F's state of citizenship.

3. S&F is a citizen of Virginia, being a limited liability company organized and existing under the laws of Virginia, with its principal place of business located at 16360 Industrial Drive, Milford, Virginia 22514.

4. Mr. McCollum is an employee or agent of S&F, and a citizen of Tennessee, being a natural person who resides at 420 Joann Rd., Somerville, Tennessee 38068.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action under the provisions of Title 28, section 1332 of the United States Code, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. This Court has personal jurisdiction over S&F because it has its principal place of business within the judicial district and because it conducts and transacts business in the district.

7. This Court has personal jurisdiction over Mr. McCollum because, at all times relevant to the Complaint, he was an employee of S&F and conducted and transacted business in the district.

8. The venue of this action is properly predicated on Title 28, section 1391(a) of the United States Code, and Rule 3(C) of the Rules of the U.S. District Court for the Eastern District of Virginia, in that jurisdiction is founded on diversity of citizenship and this action is brought within a judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred, in which at least one defendant resides and/or has its principal place of business, and/or in which at least one defendant is subject to personal jurisdiction.

## FACTS

9. Plaintiff Argo provides certain motor carrier insurance coverage to S&F, pursuant to the terms and conditions of insurance policy number AVT 1000040 00, for the policy period

October 21, 2018 to October 21, 2019 (the "Policy"), providing liability insurance to S&F in connection with its trucking business under the terms, conditions, limitations and exclusions provided in the Policy. A true and correct copy of the Policy is appended hereto as Exhibit "1."

10. On August 12, 2019, S&F's agent or employee, Mr. McCollum, was involved in a motor vehicle accident in Pennsylvania, within the scope and course of his employment with S&F, allegedly causing injury to Victor Garcia ("the Accident").

11. A few days following the Accident, on August 21, 2019, Innovative Risk Management ("IRM"), which is the third-party claims administrator for Plaintiff Argo, contacted Fernando Navia, the sole member of S&F, by phone and by email, regarding notice of a claim arising from the Accident.

12. On August 29, 2019, on behalf of Argo, an IRM representative spoke to both Mr. Navia and Mr. McCollum on the telephone to discuss the claim and to investigate the cause of the Accident. Both Mr. McCollum and Mr. Navia expressed their intent to cooperate with the investigation.

13. On February 3, 2020, IRM followed up with Mr. Navia via email to request more information pertaining to the Accident. On that same day, Mr. Navia replied via email and promised to provide the requested information.

14. On March 16, 2020, IRM further followed up with Mr. Navia requesting information pertinent to the investigation of the Accident. Again, Mr. Navia replied via email and promised to provide the information.

15. March 16, 2020 was S&F's last communication with IRM and Argo.

16. On June 21, 2021, IRM contacted Mr. Navia via email regarding additional documentation related to the claim. However, Mr. Navia never responded to that email or in any way attempted to contact IRM or Argo by email, phone, or otherwise.

17. On June 30, 2021, Argo learned that Mr. Navia's phone number was no longer in service. Additionally, attempts to contact Mr. Navia regarding the claim and Accident via email were unsuccessful.

18. On August 10, 2021, as a result the Accident, Victor Garcia filed a lawsuit in the Court of Common Pleas of Philadelphia County, Pennsylvania, styled *Victor Hugo Silvestre Garcia v. S&F Logistics LLC and John McCollum*, Case ID No.: 210800737, alleging negligence on the part of S&F and Mr. McCollum ("the Lawsuit"). Argo received notice of the lawsuit on or about September 1, 2021.

19. Following Argo's notice of the pending Lawsuit, IRM again attempted to reach Mr. Navia by phone and by email on September 9, 2021 and September 10, 2021. At this time, Argo learned that Mr. Navia's email address was no longer valid.

20. On September 10, 2021, IRM sent a letter via U.S. mail to Mr. Navia at his address in Stafford, Virginia, as well as to S&F's registered place of business and registered agent, Ronald Zubieta, notifying S&F of its duty to cooperate under the terms of the Policy.

21. On or about September 10, 2021, Argo assigned defense counsel to defend S&F and Mr. McCollum in the Lawsuit, pursuant to the terms of the Policy.

22. On or about September 10, 2021, Argo Issued a letter to S&F reminding S&F of its duties under the Policy to cooperate with Argo in the defense of the Lawsuit and requesting S&F to immediately contact IRM to discuss this matter.

23. On or about September 14, 2021, Mr. McCollum contacted IRM by phone and further expressed his intent to cooperate with the defense of the Lawsuit. That same day, a representative of IRM provided Mr. McCollum with the contact information of assigned defense counsel via email.

24. September 14, 2021 was Mr. McCollum's last communication with IRM and Argo. He failed to ever contact assigned defense counsel.

25. On or about October 14, 2021, Argo issued a Reservation of Rights letter to S&F further notifying S&F of its duty to cooperate under the Policy. The letter expressed that such failure to cooperate would be a material breach of the Policy conditions which could result in loss of insurance coverage for the claims set forth in the Lawsuit.

26. On December 6, 2021, in the underlying Lawsuit, Plaintiff Garcia served Interrogatories and Requests for Production to Mr. McCollum and S&F. Defense counsel, despite diligent efforts, was unsuccessful in his attempts to contact Defendants regarding the discovery responses and the defense of the Lawsuit.

27. On January 4, 2022, defense counsel learned that Mr. McCollum's phone had also been disconnected.

28. Despite extensions of the response deadline obtained by defense counsel, because of Defendants' failure to cooperate with the defense of the Lawsuit, defense counsel was forced to respond to the Plaintiff's discovery responses on January 28, 2022 by producing incomplete responses that were not verified as required by law.

29. On February 2, 2022, Plaintiff's counsel served a deficiency letter stating that S&F Logistics LLC's discovery responses were insufficient and demanded complete responses within two weeks or he would seek judicial intervention.

30.     On February 11, 2022, Argo sent a second Reservation of Rights letter to S&F's owner Fernando Navia, at S&F's principal office address, to Ronald Zubieta, S&F's registered agent, and to Mr. Navia's home address in Stafford, Virginia

31.     Also, on February 11, 2022, Argo sent a similar Reservation of Rights letter to Mr. McCollum to his physical address in Sommerville, Tennessee via U.S. mail and email.

32.     On December 21, 2021, Plaintiff's counsel issued notices to take the depositions of a representative of S&F and Mr. McCollum for March 21, 2022. Both S&F and Mr. McCollum failed to appear for the scheduled depositions.

## POLICY PROVISIONS

33.     Section V – Motor Carrier Conditions of the Policy sets forth the duties of an insured in the event of an accident, claim, suit, or loss, which include the following:

   A.     Loss Conditions

      2.     Duties In The Event Of Accident, Claim, Suit Or Loss

      We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

      a.     In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

         (1)   How, when and where the "accident" or "loss" occurred;
         (2)   The "insured's" name and address; and
         (3)   To the extent possible, the names and addresses of any injured persons and witnesses.

      b.     Additionally, you and any other involved "insured" must:

         (1)   Assume no obligation, make no payment, or incur no expense without our consent, except at the insured's" own cost.
         (2)   Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".
         (3)   Cooperate with us in the investigation or settlement of the claim or defense against the "suit". The "insured" will be deemed not to have

      cooperated with us only if his or her failure or refusal to do so harms our defense of an action for damages.[1]

    (4) Authorize us to obtain medical records or other pertinent information.

34. S&F and Mr. McCollum's repeated failures to communicate and cooperate in the defense of the Lawsuit, as required under the terms of the Policy, has materially prejudiced Argo.

**CLAIM FOR RELIEF**

**DECLARATION THAT DEFENDANTS HAVE VIOLATED THE POLICY'S CONDITIONS REQUIRING THEM TO COOPERATE WITH ARGO'S INVESTIGATION AND DEFENSE OF THE LAWSUIT**

35. Argo incorporates the allegations set forth in paragraphs 1-31 above as if fully set forth herein.

36. Under the terms of the Policy, Defendants are required to "[c]ooperate with [Argo] in the investigation or settlement of the claim or defense against the "suit"." See Exhibit 1.

37. Despite having notice of a claim against them, Defendants have failed to cooperate and have materially breached their duties required under the Policy in one or more of the following ways:

  a. By repeatedly failing to respond to Argo and defense counsel's requests for information pertinent to the defense;

  b. By failing to update their contact information with Argo and Defendants' assigned defense counsel;

  c. By failing to assist defense counsel in any way to answer discovery propounded in the Lawsuit; and

---

[1] Shown as amended by the VIRGINIA CHANGES—MOTOR CARRIER COVERAGE FORM endorsement (Form CA 01 55 02 18).

    d.  By failing to submit to properly noticed depositions;

  38.  Such failures to cooperate are a breach of the Policy conditions affording coverage to S&F and Mr. McCollum.

  39.  As the aforementioned failures to cooperate are a material breach of the Policy which seriously prejudices Argo in the defense of the lawsuit, Argo may properly disclaim coverage. Thus, a declaratory judgment should therefore be entered in Argo's favor.

  WHEREFORE, Plaintiff Argonaut Insurance Company respectfully prays that this Court enter an Order, adjudging, ordering and decreeing that:

  (1)  Argonaut Insurance Company has no duty under the Policy to defend or indemnify Defendants S&F Logistics, LLC and John McCollum in connection with the Lawsuit;

  (2)  Argonaut Insurance Company has no duty under the Policy to pay insurance benefits to or on behalf of either of the Defendants in connection with the Lawsuit;

  (3)  Argonaut Insurance Company is awarded all such other and further relief that the Court deems appropriate and just.

Respectfully Submitted,

ARGONAUT INSURANCE COMPANY
By Counsel,

**FRANKLIN & PROKOPIK, P.C.**

/s/ Aaron J. Cheatham

Aaron J. Cheatham, VSB No. 83152
FRANKLIN & PROKOPIK, P.C.
2325 Dulles Corner Blvd., Suite 1150
Herndon, Virginia 20171
Telephone:   703-793-1800
Facsimile:   703-793-0298
acheatham@fandpnet.com
*Counsel for Plaintiff*